Nancy O'BRIEN, Plaintiff,

v.

**AAMES FUNDING CORP. and Countrywide Home Loans, Inc., Defendants.**

**No. CIV 03–5146DSDJSM.**

United States District Court, D. Minnesota.

March 31, 2005.

---

Mary C. Fons, Esq. and Fons Law Office, Stoughton, Houlton, WI, counsel for plaintiff.

Eldon J. Spencer, Jr., Esq., Thomas C. Atmore, Esq., and Leonard, O'Brien, Spencer, Gale & Sayre, Ltd., Minneapolis, MN, counsel for defendants.

## ORDER

DOTY, District Judge.

This matter is before the court upon the parties' cross motions for summary judgment. Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court denies plaintiff's motion and grants defendants' motion.

## BACKGROUND

This is an action under the Truth in Lending Act ("TILA"). The material facts are undisputed. In early August of 2000, plaintiff Nancy O'Brien received a marketing call from defendant Aames Funding Corporation ("Aames"). O'Brien expressed interest in refinancing her home and paying off close to $15,000 in credit card debt. To accomplish this, Aames arranged two mortgage loans for her, one from Aames and one from Associates Home Equity Services, Inc. ("Associates"). The two loans would enable O'Brien to pay off her prior mortgage of $83,491.62, consumer debt of $14,875.43, real estate taxes of $353.24 and transactional charges of $5,941.54, all of which totaled $104,661.83. (*See* Compl. Exs. C & F.) It was arranged for O'Brien to enter into the loans separately with each lender.

The closing date for both loans was set for August 31, 2000. However, Associates could not attend, so O'Brien closed with only Aames on that day. O'Brien signed and received copies of documents including an Adjustable Rate Note and Rider, Mortgage, Settlement Statement, Truth in Lending Disclosure Statement and Notice of Right to Cancel. (*See* Compl. Exs. A–E; Spencer Aff. Exs. 5–8.) O'Brien received a loan from Aames for $79,500, but the Settlement Statement indicated that

she would also provide $25,161,83 in cash, which would be funded through the Associates loan. The cash contribution in addition to the Aames loan brought the total to $104,661.83, which was the amount disbursed by Aames to cover all of her debts. (*See id.* Ex. C.) The Notice of Right to Cancel stated that O'Brien could cancel the Aames loan no later than midnight of September 5, 2000. (*See id.* Ex. E.)

On September 6, 2000, O'Brien completed the credit transaction with Associates. She signed and received copies of documents including a Loan Agreement, Mortgage, Settlement Statement, Disclosure Statement and a notice of her right to rescind. (*See* Compl. Exs. F–J.) O'Brien received a loan for $28,666.64, which covered her cash contribution to the Aames loan and other fees. (*See id.* Exs. C & F.)

On July 8, 2003, O'Brien notified Aames and defendant Countrywide Home Loans, Inc. ("Countrywide"), the assignee of Aames' interest, of her decision to rescind the mortgage loan she entered into with Aames. (Compl. Exs. K & L.) On August 29, 2003, plaintiff filed this action, alleging violations of TILA's disclosure requirements and seeking declaratory judgment, an injunction, the return of all money paid and damages.

## ANALYSIS

### I.  Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In order for the moving party to prevail, it must demonstrate to the court that "there is no genuine issue as to any material fact and that

the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed. R.Civ.P. 56(c)). A fact is material only when its resolution affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *See id.* at 252, 106 S.Ct. 2505.

On a motion for summary judgment, all evidence and inferences are to be viewed in a light most favorable to the non-moving party. *See id.* at 255, 106 S.Ct. 2505. The non-moving party, however, may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. *See Celotex,* 477 U.S. at 324, 106 S.Ct. 2548. Moreover, if a plaintiff cannot support each essential element of its claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. *Id.* at 322–23, 106 S.Ct. 2548.

### II.  TILA Claim

Congress enacted TILA to "avoid the uninformed use of credit." 15 U.S.C. § 1601(a). Toward that end, TILA requires a creditor to disclose certain information regarding a consumer credit transaction. *See* 15 U.S.C. §§ 1631–32. Such information includes notice of a consumer's right to rescind a credit transaction in which a security interest is acquired in the consumer's principal dwelling. *Id.* § 1635(a). The consumer may rescind before midnight of the third business day following (1) "the consummation of the transaction," (2) delivery of the notice of the right to rescind or (3) delivery of all

material disclosures, whichever occurs last. *Id.*; 12 C.F.R. § 226.15(a)(3). The notice of the right to rescind must disclose the date the rescission period ends. 12 C.F.R. § 226.15(b)(5). If the creditor fails to provide the required notice, the right of rescission continues for up to three years after the consummation of the transaction. 15 U.S.C. § 1635(a) & (f); 12 C.F.R. § 226.15(a)(3).

■ "Consummation" occurs when "a consumer becomes contractually obligated on a credit transaction." 12 C.F.R. § 226.2(a)(13). The court focuses on the consumer's commitment to determine whether a transaction was consummated. *See Nigh v. Koons Buick Pontiac GMC, Inc.*, 319 F.3d 119, 124 (4th Cir.2003) ("[T]he regulation expressly refers *solely* to the consumer's commitment . . . ." (emphasis in original)), *rev'd on other grounds*, ── U.S. ──, 125 S.Ct. 460, 160 L.Ed.2d 389 (2004). Therefore, a contractual obligation arises when a loan contract clearly binds the consumer, even if the contract includes a condition precedent to the lender's performance. *See Gaona v. Town & Country Credit*, 324 F.3d 1050, 1054 (8th Cir.2003). Unfunded financing agreements also qualify as consummated transactions. *See* 319 F.3d at 124 (collecting cases).

On August 31, 2000, Aames provided O'Brien with a written notice of her right to rescind the Aames' loan by midnight of September 5, 2000. O'Brien contends that the notice was inadequate because it incorrectly specified September 5 as the last day for rescission. According to O'Brien, the Aames loan was not "consummated" until she completed the loan agreement with Associates on September 6, 2000, and the notice should have reflected that later date. Therefore, O'Brien claims that her rescission on July 8, 2003, is valid and effective because it occurred within the alternative three-year rescission period.

Whether Aames provided adequate notice depends upon whether the Aames loan was "consummated" on August 31, 2000. O'Brien signed a promissory note dated August 31, 2000, containing a promise to pay Aames $79,500. (*See* Compl. Ex. A ¶ 1.) The note specified that she "is fully and personally obligated to keep all of the promises made in this Note." (*Id.* ¶ 9.) O'Brien also signed a mortgage dated August 31, 2000, that stated she owed Aames $79,500. (*See* Compl. Ex. B.) Although the Settlement Statement indicated that O'Brien would provide $25,161.83 in cash, she made no promise to pay that amount in exchange for the anticipated $104,661.83 in disbursements from Aames.

■ O'Brien argues that despite the language of the promissory note, the Settlement Statement shows that the Associates loan was a condition precedent to the formation of a credit contract with Aames. In other words, O'Brien claims that the Aames transaction required the $25,161.83 cash payment, but that she did not become obligated to pay that amount on August 31, 2000. O'Brien's argument must fail for two reasons. First, the Eighth Circuit considered and rejected an almost identical argument in *Gaona v. Town & Country Credit. See* 324 F.3d 1050. In *Gaona*, plaintiffs argued that they did not participate in a closing because the loan was conditioned on a satisfactory appraisal review. *Id.* at 1053–54. The court rejected the argument, holding that despite the condition, the loan was "consummated." [1] *Id.* at 1054.

---

1. Similarly, in *Rendler v. Corus Bank,* the Seventh Circuit Court of Appeals rejected the argument that two loans to finance the same house must be considered one credit transaction for TILA purposes. *See* 272 F.3d 992, 996–97 (7th Cir.2001). Rather, TILA allows some flexibility for multiple loans, and separate disclosures are lawful. *Id.* at 997.

768

Second, the definition of "consummation" does not refer to just a "transaction," but rather to a "credit transaction." *See* 12 C.F.R. § 226.2(a)(13). By signing the promissory note, O'Brien became contractually obligated as to the actual amount of credit she purchased from Aames, which equaled $79,500. To the extent that O'Brien alleges Aames was not obligated to disburse the $104,661.83 until she contributed the $25,161.83 in cash, such a fact is immaterial. *See Gaona,* 324 F.3d at 1054 (a condition precedent to the lender's performance does not affect the borrower's obligation); *see also Bragg v. Bill Heard Chevrolet, Inc.,* 374 F.3d 1060, 1068 (11th Cir.2004) (lender's degree of commitment does not affect consumer's contractual obligation and "consummation" for purposes of TILA). For all of the above reasons, O'Brien has failed to show that her credit transaction with Aames was not consummated on August 31, 2000, or that the notice of right to rescind was otherwise inadequate. Therefore, summary judgement in favor of defendants is warranted.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's motion for summary judgment [Docket No. 9] is denied.

2. Defendant's motion for summary judgment [Docket No. 15] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**