THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 

PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Phyllis Arlene Trammell, Appellant,
 v.
 Bradshaw Automotive Group, Inc., Respondent.
 
 
 

Appeal From Spartanburg County
 J. Derham Cole, Circuit Court Judge
Unpublished Opinion No. 2006-UP-131
Submitted February 1, 2006  Filed March 8, 2006    

AFFIRMED

 
 
 
 James J. Raman, of Spartanburg, for Appellant. 
 
 Bradford Neal Martin, and Laura Wilcox Howle Teer, of Greenville, for Respondent.
 
 
 
 

PER CURIAM: This dispute arises from a car sale that failed due to poor credit.  The circuit court granted summary judgment for Respondent Bradshaw Automotive Group, Inc.  We affirm pursuant to Rule 220(b)(2).[1]
1.  Appellant informed the salesman at Respondent Bradshaw Automotive that she had poor credit.  Appellant, however, omitted important information from the credit application.  She signed a handwritten buyers order which specified the car to be purchased and contained an itemized price listing.  The buyers order contained the following language:  Should financing be requested, it is understood that no contractual relationship is established and the transaction will not be consummated until credit has been approved . . . .  Appellant admitted that when she signed the buyers order she understood no contract would be established until financing was obtained.  Appellant next met with Respondents finance manager and signed a typed buyers order that contained the same conditional language.  Appellant also signed a Retail Installment Contract and Security Agreement, which recited the terms of the proposed sale and provided the details of the financing.  The financing contract further provided that it was to be assigned to CPS, Inc.  This form was not signed by representatives of either Respondent or CPS.  For the next two months, Respondent unsuccessfully attempted to secure financing.  CPS denied Appellants application for credit.  No other lenders approved the application.  Respondent ultimately attempted to repossess the car but Appellant locked it in her backyard and brought this action against Respondent. 
 
2.  We find the learned circuit court judge properly granted Respondent summary judgment and dismissed the Complaint. 
 
Issue I. The contract claim:  See Brewer v. Stokes Kia, Isuzu, Subaru, Inc., 364 S.C. 444, 449-51, 613 S.E.2d 802, 805-06 (Ct. App. 2005) (detailing a similar transaction and holding that when approval of financing is a condition precedent to the formation of the contract for sale, no duties of performance arise under the contract until financing is approved).    
 
Issue II. The Truth In Lending claim:  The Truth in Lending Act (TILA) is a federal statute enacted to protect consumers in credit transactions.  Comer v. Person Auto Sales, Inc., 368 F. Supp. 2d 478, 484 (M.D.N.C. 2005).  Toward that end, TILA requires creditors to make accurate disclosures when extending credit such as: amount financed, itemization of amount financed, total number of payments, finance charges, annual percentage rate, and identity of the creditor.  See 15 U.S.C. § 1638(a) (2005); Bragg v. Bill Heard Chevrolet, Inc., 374 F.3d 1060, 1065, (11th Cir. 2004); Comer, 368 F. Supp. 2d at 484.  Also, a customer must be informed of the right to rescind.  OBrien v. Aames Funding Corp., 374 F. Supp. 2d 764, 766 (D. Minn. 2005).  The specific content and timing of the disclosures are set forth in Regulation Z, a Federal Reserve Board regulation.  Bragg, 374 F.3d at 1065.  Under Regulation Z, the disclosures must be made before consummation of the transaction, or before credit is extended.  Nigh v. Koons Buick Pontiac GMC, Inc., 319 F.3d 119, 123 (4th Cir. 2003), revd on other grounds, 543 U.S. 50 (2004).  In Nigh, the Fourth Circuit joined many other courts in holding that consummation, for purposes of TILA, occurs when a customer signs a financing agreement that provides unilateral power for the creditor to execute the agreement at a later time.  Id. at 124.  Appellant argues that Respondent violated TILA by failing to provide her a copy of the finance agreement before it was executed by the dealership.  She cites no law in support of this theory.  Conclusory arguments without supporting authority are considered abandoned.  Armstrong v. Collins, 366 S.C. 204, 222 n.3, 621 S.E.2d 368, 377 n.3 (Ct. App. 2005).  In any event, federal case law suggests that a dealership is not required to provide a customer with a separate copy of the disclosures to keep after signing the financing form, so long as the customer is able to review the information before signing it and is provided a copy to take with them after financing is approved.  Padin v. Oyster Point Dodge, 397 F.Supp.2d 712, 722 (E.D. Va. 2005) (construing 12 CFR § 226.17(a)(1), which provides that the creditor must make the disclosures clearly and conspicuously in writing, in a form that the consumer may keep); Haun v. Don Mealy Imports, Inc., 285 F. Supp. 2d 1297, 1305-06 (M.D. Fla. 2003) (same).  Appellant admitted that she was provided a copy of the conditional agreement; the conditional agreement contained the truth in lending disclosures.  
 
Issue III. The Parol Evidence Rule:  This issue is not properly preserved for review.  See Elam v. S.C. Dept of Transp., 361 S.C. 9, 23, 602 S.E.2d 772, 779-780 (2004) (Issues and arguments are preserved for appellate review only when they are raised to and ruled on by the lower court.).  
 
AFFIRMED.
HEARN, C.J., ANDERSON, and KITTREDGE, JJ., concur. 
 

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.